FILED
JUN 7 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LARRY HOOVER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 03 C 3181

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Petitioner Larry Hoover (hereinafter "Hoover") requests the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court declines to do so.

### I. INTRODUCTION

In 1998, Hoover was convicted of a number of offenses related to his involvement with a notorious Chicago narcotics group, the Gangster Disciples. Hoover served on the gang's "Board of Directors" as its highest ranking member with the title of "Chairman of the Board." His convictions included: engaging in a continuing criminal enterprise, 21 U.S.C. § 848(a); using minors to further a drug conspiracy, § 861(a); possession and distribution of narcotics, § 841(a)(1); using a telephone to facilitate a drug offense, § 843(b); and using a firearm during and in relation to a drug offense, 18 U.S.C. § 924(c). The convictions were affirmed on direct appeal. See *United States v. Hoover*, 246 F.3d 1054 (7th Cir. 2001).

Subsequent filings for a Seventh Circuit *en banc* rehearing and a Writ of Certiorari to the Supreme Court were denied. *See United States v. Hoover*, No. 98-2600, 2001 U.S. App. LEXIS 10566 (7th Cir. May 14, 2001); *Hoover v. United States*, 536 U.S. 958 (2002).

At trial, the government's key evidence against Hoover came from recordings of intercepted conversations (the "tapes") between Hoover and other individuals who visited him while he was incarcerated at the Vienna Correctional Center, many of whom where later convicted as co-conspirators. Pursuant to 18 U.S.C. § 2518(3), the government obtained warrant authorization for the tapes from a district court. The government concealed listening devices inside visitor badges, which all visitors were required to wear during their time at Vienna. A number of the tapes yielded evidence regarding the gang's drug related activities in Chicago.

In May 2003, Hoover filed this § 2255 Motion for post-conviction relief. Hoover's petition asserts three claims, which more discernibly represent four claims related to the tapes: (1) the tapes violated the Fourth Amendment and 18 U.S.C. § 2511(c) because the listening devices were on the "body" of another, which required the consent of either the person upon whose body the device was placed or Hoover himself; (2) the government's original application to intercept oral communications did not meet the Fourth Amendment's particularity requirement because it did not clearly state the place where the communications would be intercepted; (3) the court order authorizing the tapes was void because the government omitted

material information as to the method of interception in its application for authorization; and (4) Hoover's counsel was ineffective because they failed to pursue any of the above issues concerning the tapes and authorization thereof.

## II. **STANDARD OF REVIEW**

In order to gain relief under § 2255, the moving party must show either a "fundamental defect which inherently results in a complete miscarriage of justice," *United States v. Addonizio,* 442 U.S. 178, 185 (1979), or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 428 (1962). In addition, there are three claims that a § 2255 motion *cannot* raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that could have been, but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, *unless* the petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal. *Belford v. United States,* 975 F.2d 310, 313 (7th Cir. 1992).

## III. **DISCUSSION**

### A. Timeliness

The government asserts that Hoover's § 2255 motion is time-barred. "A 1-year period of limitation shall apply to a motion under this section." § 2255. In this case, the Supreme Court denied Hoover's petition for certiorari on June 28, 2002, which made the

judgment final and began the running of the one-year period. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Hoover had until June 28, 2003 to file his Petition. Because Hoover filed his Petition in May 2003, it is within the one-year statutory period of limitation and he is not time-barred.

### B. Consent

Hoover's first claim is that under the Fourth Amendment or 18 U.S.C. § 2511(2)(c), the government needed to obtain either Hoover's or his visitors' consent for admissible recordings. The Seventh Circuit already decided that the tapes were properly admitted at trial. *See Hoover*, 246 F.3d at 1057. The circumstances surrounding Hoover's case have not changed and both *stare decisis* and *res judicata* apply to bar this claim. *Belford*, 975 F.2d at 313; *see also Shell v. United States*, No. 03 C 3182, 2004 U.S. Dist. LEXIS 16382, at *8-10 (N.D. Ill. Aug. 10, 2004).

In any event, the consent claim also fails on review of the merits. In Hoover's case, as in *Shell*, the government obtained a court order for the monitoring, and therefore no consent was required to satisfy the Fourth Amendment. *See United States v. Nerber*, 222 F.3d 507, 606 (9th Cir. 2000). Additionally, Hoover's 18 U.S.C. 2511(2)(C) challenge fails for the same reasons set out in *Shell*, 2004 U.S. Dist. LEXIS 16382, at *10-11, and *Jackson*, No. 03 C 2119, 2004 U.S. Dist. LEXIS 6929, at *9 (N.D. Ill. Apr. 22, 2004)("[S]imply because consent makes it lawful to intercept a communication does not

by analogy mean that it is always unlawful for the government to intercept a communication without consent of the parties involved in the communication.").

## C. Particularity

The second claim is that the warrant application to monitor Hoover's conversations while at Vienna did not meet the Fourth Amendment's particularity requirement. This claim is yet another version of the admissibility argument presented at both his trial and on his direct appeal. *See Hoover,* 246 F.3d at 1057. Therefore, for the same reasons as stated in Part III.B *supra*, Hoover is procedurally barred. *Shell* also observed that the on the "body" issue involved the methods by which the monitoring took place, not the place in which it occurred. *Shell,* 2004 U.S. Dist. LEXIS 16382, at *12. Because "the Fourth Amendment does not generally extend to the means by which warrants are executed" and there is no evidence that any of the monitored conversations were beyond Vienna's visitor area specified in the order authorizing the monitoring, Hoover's claim fails. *Dalia v. United States,* 441 U.S. 238, 257 (1979).

## D. Omission of Material Information and Ineffective Assistance of Counsel Claim

Hoover's omission of material information claim is a new, non-constitutional claim that was not presented at trial or on appeal. This claim is procedurally defaulted unless Hoover can provide an appropriate reason as to why it was not raised at trial or on appeal.

*Belford*, 975 F.2d at 313. The cause that Hoover asserts is his ineffective assistance of counsel claim.

The Supreme Court has acknowledged "that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim" will avoid the procedural default. *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). However, in order to be a sufficient cause, "the assistance must have been so ineffective as to violate the Federal Constitution." *Id.* His ineffective assistance of counsel claim is based on the fact that his attorney did not raise any of the other three issues in Hoover's § 2255 motion. Since Hoover's first two claims fail, his ineffective assistance claim rests on the success of this third issue. The Court will therefore consider both issues together.

In *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the Supreme Court established a two-prong test to determine when someone received ineffective assistance of counsel. First, the petitioner must demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, a petitioner must show "that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* Thus, Hoover must demonstrate both that the action of not presenting the material omission claim was both deficient and substantial enough to have deprived him of a fair trial.

Hoover asserts that because the government did not specify the use of the "body" of visitors for recording purposes in their warrant

- 6 -

application, the omission would have changed the authorizing court's decision on the warrant. The Court rejects this argument for the same reasons as in *Shell*. *See supra* Part III.C; 2004 U.S. Dist. LEXIS 16382, at *14-15. In *Shell*, the Court determined that the warrant was broad enough in scope to include the method selected by the government and the "body" was appropriate. *Id.* at *14. Because Hoover's material omission claim fails, Hoover's counsel was *not* ineffective by choosing not to raise an meritless claim.

## IV. CONCLUSION

For the reasons stated above, Hoover's Petition for Habeas Corpus is denied.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: June 7, 2005